OPINION OF THE COURT
Peter N. Wells, S.
This is a petition for construction of article I of the last will and testament dated December 22, 1984 of decedent Alfred L. Patouillet in conjunction with article second of the Alfred L. Patouillet trust dated May 20, 1991. The petitioner is the trustee of said trust.
Article I of decedent’s last will and testament reads as follows: "I direct that all my debts and funeral expenses be paid as soon after my death as practicable. I further direct that all estate, inheritance, transfer, legacy or succession taxes which may be assessed or levied with respect to my estate or any part thereof, whether or not passing under my will be paid out of my residuary estate as an expense of administration and without apportionment. ” (Emphasis added.)
Article second of decedent’s trust provides:
"payment of debts: Upon the death of the Grantor, the Trustee shall pay out of the principal or income of the Trust fund, at the written request of the legal representative of the Grantor’s probate estate, if any, such sums as such representative shall state to be necessary for the payment of the expenses of the illness, funeral, burial and any and all debts of the Grantor, and federal estate taxes, including interest and penalties, imposed upon and or in relation to any property required to be included in such Grantor’s gross estate for federal estate tax purposes and any state estate, inheritance and succession taxes, together with interest and penalties, payable upon or resulting from the Grantor’s death, whether or not attributable to property subject to probate administration and property taxes, debts, claims, expenses of administration and other expenses that shall be payable out of the Grantor’s probate estate. In the event no representative of such Grantor’s estate is appointed by the appropriate court of competent jurisdiction, then in such event, the Trustee shall, in its sole and *475 absolute discretion, determine the sums payable for the aforesaid purpose.
"In addition, the Trustee is authorized, in its sole and absolute discretion, to use administration expenses as deductions for estate tax purposes or income tax purposes and to use the date of death values or optional values for estate tax purposes and I direct that there shall be no adjustment of such interests by reason of this authorization.” (Emphasis added.)
Petitioner urges that article I of decedent’s last will and testament be construed as the controlling provision regarding estate tax apportionment and that article second of the trust be given no effect unless and until total abatement of the residuary probate estate occurs.
Respondent, the executrix of decedent’s last will and testament, contends that article second of the trust is controlling and, at the request of the estate representative, estate taxes must be paid from the trust. The estate representative has complied with the terms of article second of the trust and made a written request for payment of estate taxes from the trust.
EPTL 2-1.8 (d) (2) provides:
"Subject to subparagraphs (1), (2) and (3) of this paragraph, any direction as to apportionment or non-apportionment of the tax, whether contained in a will or a non-testamentary instrument, relates only to the property passing thereunder, unless such will or instrument provides otherwise * * *
"(2) Any such direction in a non-testamentary instrument which is later in date than a prior will or non-testamentary instrument and which contains a contrary direction shall govern provided that the later instrument specifically refers to the direction in such prior will or instrument.” (Emphasis added.)
The direction in the will states "all * * * estate taxes assessed * * * be paid out of my residuary estate”. The direction in the trust states that "the Trustee shall pay out * * * of the Trust fund at the written request of the legal representative of the grantor’s probate estate, if any, such sums as such representative shall state to be necessary for the payment of * * * federal estate taxes * * * payable upon * * * the grantor’s death” (emphasis added).
Petitioner urges that article second of the trust does not contain directions contrary to those in the will, nor does it *476 specifically refer to the will. Petitioner contends that section 2-1.8 (d) (2) requires that the trust document make reference to the specific will for the apportionment clause of the trust to take effect. In short the main thrust of petitioner’s argument is that the trust has no obligation since the trust does not state specifically any reference to "my will dated December 22, 1984”. Accordingly, petitioner asserts that pursuant to EPTL 2-1.8 (d) (2), the trust language is not controlling. The court finds these contentions unconvincing.
The specificity mandated by the statute refers to a specific direction in the instrument as to the apportionment or nonapportionment of the tax; not the date or other identifying language of the instrument. The common denominator in both instruments is the direction relating to payment of estate taxes. It is clear that the instruments contain contrary directions. The will "directs” such taxes be paid from the residuary whether or not property passes under the will. The later instrument, in this case the trust, clearly refers to this direction and "directs” that upon the written request of the estate representative (which was made), the trust is to bear the cost of estate taxes. Additionally, the court finds that the decedent’s references in article second to matters involving his probate estate are detailed enough to comply with the specificity language of the statute.
Petitioner further contends that the words "if any” as used in article second of the trust refer to the probate estate. However the court finds that the words "if any” clearly refer to the written request from the representative of the probate estate. The words "legal representative of grantor’s probate estate” simply refer to the executrix designated in the will and, as used in the trust, describe who has the authority to make the written request for the payment of the estate taxes by the trust.
Petitioner’s assertion that the word "necessary” means discretionary is also misplaced. Necessary means "essential; * * * of an inevitable nature: inescapable; * * * compulsory; * * * required”. (Webster’s Ninth New Collegiate Dictionary [1987].) Accordingly, the court construes the phrase "such sums as such representative shall state to be necessary for the payment of the expenses of the * * * federal estate taxes” to mean those amounts required to pay the estate taxes assessed in this estate.
In construction proceedings the intention of the decedent is *477 of paramount importance. (Matter of Fabbri, 2 NY2d 236.) In decedent’s last will and testament, he made two relatively small bequests to nonrelatives leaving the bulk of his sizeable estate to his sisters which suggests that his intent was to provide for his siblings. In 1991, six years after the execution of his will, decedent created the inter vivas trust with himself as life-time beneficiary. The remaindermen of the trust are nonrelatives.
Petitioner now argues that decedent wanted to deplete his residuary estate completely in order to pay estate taxes and other debts arising from his demise. This could effectively result in decedent’s sisters receiving nothing. The court does not find such a conclusion as to decedent’s intent to be credible. If decedent chose not to provide for his sisters, there were certainly several other direct methods of so doing, rather than employing the circuitous, convoluted method proposed by petitioner. As was noted in In re Glorney’s Trust (109 NYS2d 898, 904), "[c]ertain it is that decedent did not intend to draw a meaningless dispositive document to mock her beneficiaries”. No reasonable reading or construction of the documents and the statute validates the position of the petitioner.
Accordingly, the court finds that article second of the trust of Alfred L. Patouillet dated May 20, 1991 is controlling with the result that payment of estate taxes shall be made from the trust corpus.